IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDRE BROWN | * | |
| v. | * | Civil Action No. RDB-09-0395 |
| UNITED STATES OF AMERICA | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-06-0179 |
| ANDRE BROWN | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On November 19, 2009, Andre Brown, a federal prison inmate, filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Petitioner contends that he was denied his right to appeal and he received ineffective assistance of counsel on several grounds. On January 11, 2010, the government filed a response in opposition to Petitioner's § 2255 Motion, to which Petitioner replied on March 19, 2010. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, Petitioner's motion is GRANTED IN PART as to his claim that defense counsel improperly denied his request to file a notice of appeal, and is DENIED without prejudice as to the remainder of the claims asserted.

**BACKGROUND**

From 1996 to 2001, Jermaine Bell led a narcotics-trafficking organization called "R-N-G," which distributed heroin, cocaine, and crack cocaine at shops around Reisterstown Road and

Gwynn Falls Parkway in Baltimore City. In 2001, as part of a drug turf war, Bell issued contracts for the murders of a rival gang's leader and several of the leader's associates. Angelo Stringfellow was among the named associates, and Bell offered $25,000 for his murder. Per Bell's order, several individuals, including Petitioner Andre Brown ("Brown" or "Petitioner"), searched for Stringfellow, and on June 26, 2001, William Deshields and Brown shot and killed Stringfellow as he sat in a parked car on the 600 block of West Lexington Street.

On September 19, 2008, Brown pled guilty to Count Four of the fourth and final superseding indictment, which charged him with possession of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924(j). The parties stipulated the base offense level to be 43, pursuant to U.S.S.G. § 2A1.1, and the parties further agreed to a two-level reduction for Brown's affirmative acceptance of personal responsibility. Plea Agreement ¶ 6(b). Based on Brown's resultant base offense level of 41 and his criminal history category of IV, the Presentence Investigation Report recommended a sentence of 360 months to life imprisonment under the Federal Sentencing Guidelines. Presentence Investigation Report ¶ 41. The parties stipulated, in the plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), that Brown would receive a term of imprisonment of between 288 and 360 months and that Brown had waived his right to appeal a sentence that fell within or below this range. Plea Agreement ¶¶ 9, 12. Brown was sentenced to 360 months' imprisonment on December 11, 2008. On November 19, 2009, Brown filed the instant Motion, in which he asserts that he was denied his right to appeal and that he received ineffective assistance of counsel.

## DISCUSSION

### I. Denial of Petitioner's Right to Appeal

Brown contends that he was denied his right to appeal with respect to his criminal

judgment, certain decisions made during sentencing, and the 360-month sentence he ultimately received. Pet'r's Mot. at 5. Brown alleges that he only pled guilty because defense counsel told him that he would be classified as a career offender if he did not enter a guilty plea, and because he expected that his guilty plea would allow him to argue for another reduction for acceptance of responsibility under §3E1.1(b) of the Federal Sentencing Guidelines. *Id.* at 10. Before sentencing, however, Brown discovered that he had never been eligible for career offender status and that he was unable to argue for a third offense level reduction for acceptance of responsibility. Brown contends that he "unequivocally requested" defense counsel to file an appeal, although he does not indicate when he made this request. *Id.* at 5; Andre Brown Aff. ¶ 7. Brown claims that defense counsel denied his request on the grounds that an appeal was not possible due to the appeal waiver contained in Brown's plea agreement. *Id.* at 6; Brown Aff. ¶ 7. Brown states that he would have filed a notice of appeal had defense counsel confirmed that it was permissible for him to do so. Brown Aff. ¶ 8.

A claim of defense counsel's failure to file an appeal is treated like an ineffective assistance of counsel claim, which requires that a petitioner satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires the defendant to demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In instances dealing specifically with defense counsel's failure to file an appeal, a

3

defendant is required to prove that (1) counsel was ineffective and that (2) "but for counsel's ineffectiveness, an appeal would have been filed." *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000). The United States Supreme Court has held that an attorney who disregards a defendant's specific request for an appeal "acts in a manner that is professionally unreasonable," *Flores-Ortega*, 528 U.S. at 477, and that defense counsel may be deemed per se ineffective if an appeal is not filed in response to a petitioner's express request. *Phillpots v. United States*, 2010 U.S. Dist. LEXIS 22672, at *8 (D. Md. Mar. 11, 2010). In addition, courts are mindful that the potential merit of an appeal is irrelevant and the presence of an appeal waiver in a plea agreement does not preclude a petitioner's right to appeal. *Id.*; *see also United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007) (holding that an attorney's assistance is ineffective if he disregards his client's instruction to file an appeal even though the client may have already waived his appeal rights). The Fourth Circuit, along with four other circuits, has held that this per se rule applies even in situations where filing an appeal would be contrary to the plea agreement and harmful to the client's interest. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 772-77 (2d Cir. 2006); *United States v. Sandoval-Lopez*, 409 F.3d at 1195-99 (9th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-94 (11th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1265-67 (10th Cir. 2005).

It is no longer the case that counsel must *always* consult with a defendant regarding an appeal. *Flores-Ortega*, 528 U.S. at 480. Instead, defense counsel is constitutionally required to consult with a client to determine his appellate wishes under circumstances that would lead a rational defendant to seek appeal or when a defendant "reasonably demonstrated to his attorney that he was interested in appealing." *Poindexter*, 492 F.3d at 268. In assessing appeal rights in

4

the context of guilty pleas, courts must also consider whether the defendant received the sentence stipulated in the plea agreement and whether the plea agreement had a provision that either reserved or waived the right of appeal. *Id.* (citing *Flores-Ortega*, 528 U.S. at 480). The mere existence of a guilty plea reduces the scope of appealable issues and may also, under certain circumstances, "indicate that the defendant seeks an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480.

Section 2255 of the United States Code allows for an evidentiary hearing unless the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255. In a habeas proceeding, a federal court must hold an evidentiary hearing when the petitioner alleges facts, which, if true, would entitle him to relief. *United States v. Sabbagh*, 98 F. Supp. 2d 680, 686 (D. Md. 2000) (citing *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992)). A hearing is also required where there is a colorable Sixth Amendment claim or where material facts are in dispute and there are inconsistencies "beyond the record." *Id.* An affidavit alone, coupled with silence on the part of defense counsel, cannot "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Fourth Circuit has noted that "motions turning on only factual and credibility issues cannot be resolved solely on the basis of affidavits, but rather, in general, require an evidentiary hearing." *United States v. Murphy*, 2000 U.S. App. LEXIS 19955, at *2 (4th Cir. Aug. 14, 2000) (per curiam).

These principles have been considered and applied by this Court in two recent decisions involving right to appeal claims in § 2255 petitions. *See Phillpots v. United States*, No. 07-0122, 2010 U.S. Dist. LEXIS 22672, at *8 (D. Md. Mar. 11, 2010); *Greene v. United States*, No. 07-1065, 2009 U.S. Dist. LEXIS 6624, at *2 (D. Md. Jan. 28, 2009). In *Phillpots*, defense counsel submitted an affidavit stating that the petitioner never requested an appeal. The petitioner, on the

5

other hand, failed to provide any opposing affidavits, leading this Court to determine that his claim with respect to an appeal was "entirely unsubstantiated" in the record. *Phillpots*, 2010 U.S. Dist. LEXIS 22672, at *9-10. A district court is not required to "conduct an evidentiary hearing each and every time a defendant baldly alleges, in a § 2255 petition, that he instructed his attorney to file an appeal." An evidentiary hearing is warranted only where there is "some indicia of uncertainty in the record concerning the issue." *Id.* at *8. Because the petitioner could not point to any evidence relating to his alleged request to file an appeal, this Court declined to conduct an evidentiary hearing and denied his ineffective assistance of counsel claim.

However, in *Greene v. United States*, this Court granted an evidentiary hearing to evaluate a petitioner's denial of a right to appeal claim because there was ambiguity in the record that was recognized by both parties. *Greene*, 2009 U.S. Dist. LEXIS 6624, at *2. The government did not accept or deny the petitioner's argument that his counsel refused to file an appeal. The petitioner's former counsel informed the government that he would not affirm or deny the petitioner's claims against him until he was under oath at a hearing. *Id.* Indeed, the government expressly recognized that a hearing might be necessary to address whether the petitioner's former counsel refused to file an appeal. *Id.*

Unlike the *Phillpots* case, where the defendant put forth no affidavits demonstrating he requested an appeal, Brown has offered a personal affidavit and a separate affidavit from his father, Elliott Brown. Elliott Brown noted that he was present at his son's sentencing and was aware of his son's desire to appeal. Elliott Brown Aff. ¶¶ 5-8. Most importantly, defense counsel has not denied Brown's claim relating to a request to file an appeal, nor has defense counsel submitted any contravening affidavits in support thereof. Because Brown's claim and supporting affidavits have not been adequately contested by the government, no issue of fact

6

arises, and this Court must give Brown the benefit of the doubt. Accordingly, Brown's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 must be granted with respect to his claim that defense counsel was ineffective for disregarding his request to file an appeal. *See Poindexter*, 492 F.3d at 268 ("where the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding"). This Court hereby vacates its original judgment and enters a new judgment from which Brown may then seek an appeal. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). The remainder of Brown's claims are dismissed without prejudice, and Brown shall be permitted to file another habeas motion, if necessary, following the resolution of his direct appeal. *See United States v. Killian*, 22 Fed. Appx. 300, 301 (4th Cir. 2001). The Clerk of Court is authorized to take the necessary steps to enlist an attorney to represent Brown on his direct appeal.

## CONCLUSION

Petitioner Andre Brown's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Paper No. 291) is hereby GRANTED IN PART as to the claim that defense counsel improperly denied his request to file a notice of appeal, and is hereby DENIED without prejudice as to all of his other claims. The judgment in the criminal case, *United States v. Brown*, RDB-06-0179 (Paper No. 242), is hereby VACATED and the Clerk of Court is instructed to prepare an Amended Judgment in the criminal case with the same sentence and conditions that are contained in the original judgment, and the date of imposition of judgment shall be the filing date of the accompanying Order. The Clerk is directed to appoint counsel to assist Brown with the pursuit of his direct appeal. A separate Order follows.

Dated: August 4, 2010    /s/ *Richard D. Bennett*
　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　United States District Judge