IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE BROWN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. 06-0179
Civil Action No. 17-3513

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On September 19, 2008, Andre Brown ("Mr. Brown" or "Petitioner") pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924(j). (ECF No. 209.) On December 11, 2008, this Court sentenced Petitioner to three-hundred and sixty (360) months' imprisonment. (ECF No. 241.)

On November 11, 2017 Petitioner filed the pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 470.) The Government's Response, filed February 9, 2018, argues that Petitioner's filing is untimely under 28 U.S.C. § 2255(f). (ECF No. 474.) On February 13, 2018, this Court ordered Petitioner to provide further information regarding his entitlement to either (a) one of the exceptions provided in 28 U.S.C. § 2255, or (b) equitable tolling of the one-year statute of limitations. (ECF No. 475.) Petitioner answered the Order on March 16, 2018. (ECF No. 476.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the

reasons stated herein, Petitioner Brown's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 470) is DENIED.

## BACKGROUND

From 1996 to 2001, Jermaine Bell led a narcotics-trafficking organization known as "R-&-G," which distributed heroin, cocaine, and crack cocaine in the vicinity of Reisterstown Road and Gwynn Falls Parkway in Baltimore City. (ECF No. 209.) In 2001, as part of a drug turf war, Bell issued contracts for the murders of a rival gang's leader and several of the leader's associates. (*Id.*) Angelo Stringfellow was among the named associates, and Bell offered $25,000 for his murder. (*Id.*) Per Bell's order, several individuals, including Mr. Brown, searched for Stringfellow, and on June 26, 2001, Brown and a co-defendant shot and killed Stringfellow as he sat in a parked car. (*Id.*)

On September 19, 2008, Petitioner Brown pleaded guilty to Count Four of the Fourth Superseding Indictment (ECF No. 209), which charged him with possession of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924(j). This Court sentenced Petitioner to three-hundred and sixty (360) months' imprisonment. (ECF No. 241.)

On November 19, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 asserting that he was denied his right to appeal and that he received ineffective assistance of counsel. (ECF No. 291.) This Court granted Petitioner's claim that defense counsel improperly denied his request to file a notice of appeal, and denied the other claims. (ECF No. 319–20.) Therefore, on August 4, 2010, this Court entered an Amended Judgment (ECF No. 321) allowing Petitioner to file a Notice of Appeal

2

(ECF No. 324), which he filed that same day. Petitioner was appointed counsel to support his appeal. (ECF No. 327.) On May 19, 2011, the United States Court of Appeals for the Fourth Circuit affirmed this Court's Judgment, finding that Petitioner's guilty plea was knowing, voluntary, and supported by an adequate factual basis. *United States v. Brown*, 429 F. App'x 328, 328–29 (4th Cir. 2011). The Fourth Circuit also found that his sentence was reasonable. *Id.*

On November 11, 2017, more than five years after the Fourth Circuit affirmed the Judgment, Petitioner filed the pending Motion to Vacate under 28 U.S.C. § 2255 arguing that (1) he is actually innocent because his conduct was not proscribed by the statute of conviction to which he pleaded guilty and that (2) but for ineffective assistance of counsel, he would not have pleaded guilty. (ECF No. 470.) Petitioner filed the Motion based on an Affidavit signed on October 24, 2017. (ECF No. 470-1.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United*

3

*States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court of the United States, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*; *see also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014). A conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004).

"[A]ctual innocence, if prove[n], serves as a gateway through which a petitioner may pass [notwithstanding] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (Holding actual innocence is a miscarriage of justice exception to excuse an otherwise untimely habeas petition). An actual innocence claim "does not by itself provide a basis for relief" under 28 U.S.C. § 2255. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Rather, it is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 315. The Supreme Court has made clear that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v.*

4

*United States*, 523 U.S. 614, 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "[T]enable actual-innocence gateway claims are rare." *McQuiggin*, 569 U.S. at 386. A credible actual innocence claim requires new reliable evidence "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial. *Schlup*, 513 U.S. at 324. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 315-17.

## ANALYSIS

Petitioner asserts that the Affidavit of Jermaine Bell (ECF No. 470-1) proves he could not have been convicted under 18 U.S.C. § 924(j), the statute he pleaded guilty to, because of the Supreme Court's holding in *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999). Therefore, Petitioner claims he is actually innocent of his statute of conviction. Furthermore, petitioner alleges that his pre-trial counsel provided ineffective assistance by not raising *Rodriguez-Moreno* as an objection to Petitioner's guilt under 18 U.S.C. § 924(j).

I. **Timeliness of Petitioner's Motion**

   a. **Statute of Limitations Under 28 U.S.C. § 2255(f)**

Petitioner's judgment of conviction was affirmed by the Fourth Circuit on May 19, 2011. (ECF No. 349.) Therefore, his judgment of conviction became final on August 17, 2011, when the ninety day period for filing a petition for writ of *certiorari* with the Supreme

Court of the United States expired. *See* Sup. Ct. R. 13.1 (requiring petition for writ of *certiorari* to be filed within ninety days of the date of judgment from which review is sought). This Court received and filed the present Motion to Vacate on November 27, 2017 (ECF No. 470), more than five years after the one-year limitations period ended under 28 U.S.C. § 2255(f)(1).[1] Additionally, the Affidavit involves Petitioner's own actions prior to his conviction and therefore offers no new facts that would invoke 28 U.S.C. § 2255(f)(4).

On February 13, 2018, this Court informed Petitioner "that his motion to vacate will be dismissed as untimely unless he provides ... information that establishes he is either entitled to the benefit of the exceptions provided in 28 U.S.C. § 2255, or he is entitled to an equitable tolling of the statute of limitations." (ECF No. 475.)

### b. Actual Innocence

Petitioner relies on a claim of actual innocence to overcome the one-year filing limitation and allow this Court to reach the merits of his claims. He alleges that the Affidavit of Jermaine Bell (ECF No. 470-1) proves his conduct was not proscribed by 18 U.S.C. § 924(j), his statute of conviction, and therefore, he is actually innocent. (ECF No. 470.)

First, Petitioner's actual innocence claim is not supported by new evidence of innocence. The Affidavit states "[d]uring the time I have known Andre Brown he has never sold drugs on my behalf personally or on behalf of the R & G." (ECF No. 470–1.) Again, this is a statement regarding the Petitioner's own actions prior to his conviction. Petitioner

---

[1] The Motion itself was not dated. (ECF No. 470.) The earliest the Motion could have been filed was the date the affidavit attached to the motion was signed, which was October 24, 2017, still more than five years after the limitation period ended. (ECF No. 470-1.)

knew this information before he entered the guilty plea agreement. Therefore, it is not new evidence of innocence.

Second, the Affidavit does not contradict any of the "stipulated facts" contained in Petitioner's plea agreement. (ECF No. 209.) The Fourth Circuit subsequently affirmed the conviction and found that Petitioner's guilty plea was "supported by an adequate factual basis." *Brown*, 429 F. App'x at 328. Without disproving the stipulated facts of the plea agreement, the Affidavit cannot establish actual factual innocence. Thus, Petitioner has not met his burden to reach the threshold requirement that no reasonable juror would have found him guilty beyond a reasonable doubt.

Lastly, Petitioner's assertion that he is actually innocent directly contradicts his admission that he violated 18 U.S.C. § 924(j), and is therefore invalid. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce*, 488 U.S. 563, 570 (1989). As explained by the Fourth Circuit in *United States v. Moussaoui*, 591 F.3d 263, 285 (4th Cir. 2010), the concern that exists pre-trial of minimizing the possibility of an innocent person being found guilty is "almost completely eliminated" once a defendant pleads guilty. That is, once a defendant has admitted his guilt and a plea has been accepted as knowing and voluntary, he has admitted to commission of the crime. The Fourth Circuit affirmed that Petitioner's guilty plea was knowing and voluntary. *Brown*, 429 F. App'x at 328. Because Petitioner's assertion that he is actually innocent of his statute of conviction is not supported by new evidence of innocence and contradicts his admission of guilt but none of the

stipulated facts, Petitioner has not suffered a miscarriage of justice and is not entitled to relief under this claim.

To the extent that Petitioner is making a strictly legal claim that the facts of his case fall outside the statute of conviction, the Fourth Circuit already denied that argument. *Brown*, 429 F. App'x at 328. When an issue or theory was fully and fairly litigated on direct appeal, a petitioner may not raise that same issue or theory on collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

Petitioner alleges that the Affidavit of Jermaine Bell (ECF No. 470-1) proves Petitioner did not personally sell drugs for R & G, and thus he could not have been convicted of § 924(j), which incorporates by reference the definition of "drug trafficking crime" found in § 924(c)(2).[2] He also cites the Supreme Court's holding in *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999) to support this position.

*Rodriguez-Moreno*, however, does not apply to Petitioner because that decision only analyzes "crime of violence" as defined in § 924(c)(3). Moreover, Petitioner's argument that his conduct falls outside the scope of 924(j) has already been rejected by the Fourth Circuit. On direct appeal, the Fourth Circuit held that Mr. Brown's conviction under 18 U.S.C. § 924(j) was supported by an adequate factual basis. *Brown*, 429 F. App'x at 328. Thus, Mr. Brown is precluded from re-asserting that claim here. *Boeckenhaupt*, 537 F.2d at 1183.

---

[2] 18 U.S.C. § 924(j) states "[a] person who in the course of a violation of subsection (c), causes the death of a person through the use of a firearm." 18 U.S.C. § 924(c) states "any person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." "[T]he term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). The Controlled Substances Act, 21 U.S.C. § 846, does not require a defendant to personally sell drugs. Rather, states that "any person who ... conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the conspiracy." 21 U.S.C. § 846.

8

### c. Equitable Tolling

Since Petitioner's § 2255 motion was untimely, it must be dismissed unless principles of equitable tolling apply. *See Holland v. Florida*, 560 U.S. 631, 649–54 (2010); *Rouse v. Lee*, 339 F.3d 238, 246–47 (4th Cir. 2003) (*en banc*). To be entitled to equitable tolling, the petitioner must show (1) that he has acted with "reasonable diligence" in pursuing his rights, and (2) that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649; *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted"). As this Court explained in its February 13, 2018 Order, equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party." (ECF No. 475) (citing *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))).

First, Petitioner offers no evidence that he pursued his rights with reasonable diligence. Five years have passed since the statute of limitations period ended. Furthermore, no extraordinary circumstance prevented timely filing. The Affidavit provides no new information and did not contain information unknown to Petitioner that prevented filing until it was obtained.[3] Additionally, Petitioner's lack of familiarity with the law is not generally considered an extraordinary circumstance warranting equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255). Thus, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 470) is untimely and shall be DENIED.

---

[3] *See supra* Section I.a.

9

## II. Ineffective Assistance of Counsel

Even if Petitioner's claim were timely, it also fails on the merits. Petitioner contends that he received ineffective assistance of counsel in violation of his Sixth amendment rights. He asserts that he would not have pleaded guilty but for ineffective assistance from his pre-trial counsel.[4] A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. It requires a showing that, "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Both of these prongs must be satisfied for Brown to obtain the relief he is seeking. *Id.* at 687. In applying the *Strickland* test, the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "an insufficient showing on one." *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697).

---

[4] Petitioner does not allege ineffective assistance of appellate counsel.

Petitioner's ineffective assistance of counsel claim centers on his assertion that his conduct was not sufficiently proscribed by 18 U.S.C. § 924(j).[5] However, Petitioner knowingly and voluntarily pleaded guilty to the stipulated facts in the plea agreement (ECF No. 209) and does not challenge those facts in his § 2255 Motion. The Fourth Circuit held that Petitioner's guilty plea and subsequent conviction under 18 U.S.C. § 924(j) was "supported by an adequate factual basis." *Brown*, 429 F. App'x at 328–29. There is nothing new in the Affidavit that alters that analysis. Furthermore, Petitioner benefitted from a two level reduction for his acceptance of responsibility through his guilty plea agreement. (ECF No. 209.) Thus, counsel's decision to not raise a meritless argument falls squarely within the wide range that is considered reasonable professional assistance.

Because Petitioner's claim does not satisfy the "performance" prong of the *Strickland* test, his claim is without merit. For this additional reason, Petitioner's pending Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 470) will be DENIED.

## CONCLUSION

For the reason stated above, Petitioner Brown's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 470) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir.

---

[5] *See supra* Section I.a.

2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Brown's claim debatable, a certificate of appealability is DENIED.

Dated: July 2, 2018

*[signature]*

Richard D. Bennett
United States District Judge