IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-06-179 |
| ANDRE BROWN, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On December 11, 2008, this Court sentenced Defendant Andre Brown to a term of 360 months (thirty years) of imprisonment after he pleaded guilty to one count of possession of a firearm in furtherance of a drug-trafficking crime resulting in death, in violation of 18 U.S.C. § 924(j). (ECF No. 242) Specifically, Brown shot and murdered the victim Angelo Stringfellow on June 26, 2001. This sentence was within the range of twenty-four to thirty years, which was agreed upon pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). That rule authorizes parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." Under this rule, "such a recommendation or request binds the court once the court accepts the plea agreement." *Id.* Brown, now forty-four years old, is currently incarcerated at Federal Correctional Institution, Hazelton, in Preston County, West Virginia, with a projected release date of February 24, 2034. *See* Find an Inmate, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/inmateloc/(search "42873-037") (last accessed September 12, 2025).

There are two motions presently pending before this Court. The first is Brown's pro se Motion for Compassionate Release pursuant to the First Step Act of 2018, 18 U.S.C. §

1

3582(c)(1)(A).[1] (ECF No. 545) He asserts that his sentence should be modified due to it being "unusually long." (*Id.*) The second is Brown's pro se Motion for Compassionate Release pursuant to U.S.S.G. § 5H1.1. (ECF No. 549) In this second motion, Brown asserts that his sentence should be modified due to his age at the time the offense was committed, as age may be a relevant factor in considering motions for compassionate release. (*Id.*) The Court has reviewed the relevant filings, and a hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Brown's Motions for Compassionate Release (ECF No. 545; ECF No. 549) are DENIED.

## BACKGROUND

The parties stipulated to the underlying facts in Brown's 2008 plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 209) From at least 1996 to at least December 2001, Jermaine Bell led a narcotics trafficking organization known as "R-N-G" that operated in Baltimore City. (*Id.*) In 2001, during a drug turf war, Bell offered contracts for the murders of several members, including Angelo Stringfellow, of a rival drug gang in Baltimore City. Bell offered $25,000 for the murder of Stringfellow. (*Id.*) In response to the contract, Brown and four other men searched for Stringfellow on June 6, 2001. (*Id.*) Brown and one other man, William Deshields, shot and killed Stringfellow while he was sitting in a parked car in Baltimore City. (*Id.*) On March 13, 2007, a federal grand jury indicted Brown and four co-defendants in a seven-count indictment alleging various drug-trafficking and firearms charges. (ECF No. 48) Brown was charged with one count of possession of a firearm in

---

[1] Brown previously filed another Motion for Compassionate Release (ECF No. 513) on May 8, 2021. This Court denied that Motion on July 31, 2023. (ECF No. 541)

furtherance of a drug-trafficking crime resulting in death, in violation of § 924(j) ("Count IV"). (*Id.*)

On September 19, 2008, Brown pleaded guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[2] (ECF Nos. 209, 334) The parties stipulated in the plea agreement that Brown would receive a term of imprisonment of between 288–360 months. (ECF No. 209 ¶ 9; ECF No. 319 at 2)

On January 29, 2024, Brown filed a pro se Motion for Compassionate Release (ECF No. 545) under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release on the grounds that he received an unusually long sentence and has served at least ten years of the term of imprisonment. Additionally, on November 12, 2024, Brown filed a second pro se Motion for Compassionate Release under the First Step Act and pursuant to United States Sentencing Guideline § 5H1.1, alleging that a 2024 amendment to that guideline, Amendment 829, entitles him to compassionate release. (ECF No. 549)

## STANDARD OF REVIEW

Brown filed his Motions pro se. As such, the Court construes them liberally, and holds them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

---

[2] A plea agreement made in accordance with Rule 11(c)(1)(C) means that the parties "agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C). In this case, both parties agreed that a sentence within the range of 288–360 months' imprisonment was appropriate. (ECF No. 209 ¶ 9)

**ANALYSIS**

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to its enactment, the Bureau of Prisons ("BOP") had sole discretion to file compassionate release motions with federal courts. The First Step Act allows defendants to directly petition federal courts whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Once this defendant demonstrates that he has met these mandatory conditions, this Court may authorize compassionate release upon both a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in § 3553(a). § 3582(c)(1)(A)(i).

## I. Failure to Exhaust Administrative Remedies

In this case, Brown has not demonstrated that he has exhausted his administrative remedies. As described above, one of the mandatory conditions laid out in § 3582(c)(1)(A) requires a defendant to demonstrate that "he has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In other words, a federal court cannot grant a sentence reduction until the defendant shows that he submitted to the warden of his BOP institution a request for

4

compassionate release and (1) it was denied; or (2) 30 days had lapsed without any answer from the warden after filing such a request. *Id.*

On March 8, 2024, in response to his first Motion, the Clerk of this Court informed Brown that he must file a request for compassionate release with the warden of his institution and file an administrative appeal if his request is denied. (ECF No. 546) Brown has not provided any documentation to the Court indicating that he submitted a request for compassionate release to the BOP and that that request was either denied or that thirty days elapsed without an answer from his warden. Accordingly, Brown has not exhausted his administrative remedies.

## II.     Failure to Demonstrate Extraordinary and Compelling Circumstances

Even if Brown had exhausted his administrative remedies, he has not presented extraordinary and compelling reasons to merit compassionate release in either of his Motions. Brown provides two theories for extraordinary and compelling circumstances. First, he alleges that his sentence is "unusually long," invoking § 1B1.13(b)(6). (ECF No. 545) His second theory is that his young age at the time he committed his offense merits a sentence reduction under Amendment 829 to Sentencing Guideline § 5H1.1. (ECF No. 549) The Court takes each in turn.

### a.  Unusually Long Sentence Under § 1B1.13(b)(6)

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). The Sentencing Commission has identified six possible

5

circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

> (1) a serious medical circumstance of the defendant;
> (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
> (3) the death or incapacitation of an immediate family member;
> (4) the defendant being a victim of abuse while in custody;
> (5) other reasons of similar gravity as (1)–(4); and
> (6) unusually long sentence if the defendant has served at least ten years.

§ 1B1.13(b)(1)–(6). To meet the standard of § 1B1.13(b)(6) a defendant must demonstrate that (1) he "received an unusually long sentence"; (2) he "has served at least ten years" of the sentence; and (3) a change in the law produces "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."

Brown has served almost seventeen years of his sentence for the murder of Angelo Stringfellow. Additionally, his sentence of thirty years was within the range of possible imprisonment to which the parties stipulated in the 2008 plea agreement. Finally, he has not shown that his sentence is unusually long or that any change in the law has produced a gross disparity between the sentence he is serving and the sentence likely to be imposed at the time he filed his Motions. Therefore, § 1B1.13(b)(6) does not provide Brown with a ground for compassionate release under the First Step Act.

### b. Youthfulness Under Amendment 829

Section 5H1.1 provides federal judges with guidance on how to consider an offender's specific characteristics when determining a sentence. Amendment 829 to that section, enacted in 2024, states that a defendant's youthfulness at the time an offense was committed is a relevant factor in sentencing and may warrant a downward departure. § 5H1.1 Amend. 829.

However, not all amendments apply retroactively. Pursuant to § 1B1.10(d), Amendment 829 does not apply retroactively for determinations of sentence reductions under § 3582(c)(2). Therefore, a court may not consider Amendment 829 to determine whether an extraordinary and compelling reason to reduce a sentence exists unless there is an independent, additional reason warranting a sentence reduction. § 1B1.13(c).

The only other extraordinary and compelling reason which Brown proffers in these Motions is that his sentence is unusually long. As discussed above, that reason is not sufficient to provide him with relief. Therefore, the Court may not consider his youthfulness at the commission of the crime.

### III.     3553(a) Factors Weigh Against Brown's Release

In addition, the factors in 3553(a) weigh against Brown's Motions being granted. In *United States v. McCoy*, 981 F.3d 271. 286–87 (4th Cir. 2020), the US Court of Appeals for the Fourth Circuit made clear that "not all defendants convicted under § 924(c) should receive new sentences," and that "courts should be empowered to relieve some defendants of those sentences on a case-by-case basis." Accordingly, a court must conduct an "individualized assessment" under § 3553(a) to determine a defendant's eligibility for a reduction. *Id.* at 286. These factors require this Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, protect the public, and provide the defendant with educational or vocational training; (3) the kinds of sentences available; (4) the applicable guideline range; (5) any pertinent policy

statement; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and (7) the need to provide restitution to any victims of the offense. § 3553(a).

In conducting an individualized assessment of Brown and his case, the first factor requires the Court to consider the nature and circumstances of his offense and his personal history and characteristics. In his filings, Brown states his desire to spend time with his aging parents, children, and grandchildren. (ECF No. 548). However, the violent nature of his crime overshadows this desire, weighing this factor against his release. The second factor the Court must consider is the need for his sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, protect the public, and provide the defendant with educational or vocational training. The violent nature of Brown's crime further speaks to this factor regarding just punishment, respect for the law, deterring crime, protecting the public, and reflecting the seriousness of the offense. Brown has completed significant rehabilitative courses while incarcerated, which speaks to the need for the sentence to provide him with educational and vocational training. (ECF Nos. 513, 548) Similar to the first factor however, this does not make up for the violent nature of his crime, weighing this factor against release. The third factor requires the Court to consider the kinds of sentences available to a defendant in Brown's position. Due to the offense being a Class A Felony according to § 3559(a)(1), probation as an alternative to incarceration is unavailable to Brown. § 5B1.1(b). Thus, this factor weighs against Brown's release. The fourth factor requires the Court to consider the applicable guideline range for Brown's offense. Brown's sentence is on the higher end of the range for a violation of § 924(j), but still within the guidelines, weighing this factor against release. Regarding the fifth, sixth, and seventh factors, there is no evidence presented

to the Court of unwarranted sentencing disparities, policy statements, or restitution needs that would find in favor of Brown's release. Accordingly, the § 3553(a) factors weigh against relief in this case, and Brown's Motions are DENIED.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 17th day of October, 2025, that Brown's Motions for Compassionate Relief (ECF No. 545; ECF No. 549) are DENIED.

/s/
_____
Richard D. Bennett
United States Senior District Judge